JAMES H. HOFFECKER, DEFENDANT IN ERROR, v. EL-
WOOD R. AUSTIN, PLAINTIFF IN ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

Where there is no evidence of an express contract of partnership
between the parties, nor of any joint ownership of partnership
property, nor an agreement for the sharing of profits as such,
nor proof of the acting of any one of the alleged partners for
the others, or authority for so acting, relative to partnership
affairs, the *indicia* and *criteria* of the existence of a partnership
*inter sese,* are lacking.

On error to the Supreme Court.

For the plaintiff in error, *J. Fithian Tatem.*

For the defendant in error, *Wescott & Wescott.*

The opinion of the court was delivered by

VOORHEES, J. Mr. James H. Hoffecker, Jr., the defendant
in error, a member of the Philadelphia bar, was retained in
1905, by Mr. Austin, the plaintiff in error, and one Charles R.
Martin, to collect by suit, if necessary, against one Moore, a
claim for commissions on the sale of a railroad property,
which Austin and Martin and one Mellen had effected.

As a result of his retainer, Hoffecker brought suit in 1907
in the Supreme Court of New Jersey for Austin and Martin
against Moore for the recovery of these commissions. Austin
and Martin had agreed with Hoffecker that he should have
one-third of the amount thus recovered and that "Austin would
stand good for expenses incurred in working up and prosecut-
ing the case to the amount of $300."

In July, 1906, Martin borrowed of Hoffecker $1,000 on two
promissory notes of $500, each drawn by Martin, and to secure
the repayment thereof in writing, assigned to Hoffecker all his
right, title and interest in his share of the commissions due
from Moore (such share being therein stated at $12,500),

"to be held by him as collateral security to the payment of said notes," &c.

There was proof that Hoffecker had expended $287.30 in the prosecution of the suit for commissions. Martin died during the pendency of the suit against Moore, which was revived in the name of Austin as surviving partner.

Afterwards, and before judgment, Austin settled the suit against Moore for $9,000, the distribution of which, among all the parties entitled, was in such settlement agreed upon by Austin, $1,500 thereof being allotted to Martin.

After the money had been paid over to Austin in settlement and which he admitted having received from Moore, and the fact of settlement and its terms and those of the distribution had been communicated to Hoffecker, he was asked formally to agree to such distribution, and he did so. Afterwards, Austin refused to pay, and Hoffecker brought this suit to recover $1,500, the share of Martin in the settlement which the plaintiff claimed under the assignment, and also $287.30 expenses incurred, that Austin had agreed to pay.

The court directed a verdict for the plaintiff for the full amount sued for.

The assignments of error pressed are to the refusal of the trial court to nonsuit, and to direct a verdict for the defendant and to the direction of a verdict for the plaintiff.

It was argued that because the assignment to the plaintiff was as collateral merely and there was no proof that the plaintiff had ever reduced his collateral rights to absolute rights, the suit could not be sustained. The claim for expenses was clearly recoverable and therefore a nonsuit or direction for the defendant would have been improper. Moreover, an assignment as collateral entitles the assignee to recover all the property covered by the assignment (*Todd* v. *Meding,* 11 *Dick. Ch. Rep.* 83), and since the passage of the act permitting an assignee of a chose in action to sue therefor in his own name at law, such an assignment is ample to support a suit for the recovery by the assignee of the chose.

On the argument against a direction for the plaintiff it was admitted that the plaintiff was entitled to a direction in his

favor for the amount of expenses, and the objection to such action was confined to the $1,500 item, and was rested on the ground that "there was no proof of the receipt of it [the $1,-500] by Austin for the purpose set forth."

There was uncontroverted proof that Austin not only admitted its receipt, but that he exacted from the plaintiff an assent to his agreed distribution of the proceeds of the settlement, among all the persons who were entitled to share in the money, which contemplated the allotment to Mr. Martin of $1,500 and the retention by Austin of $1,500. The remainder of the money was actually paid to the other persons interested, including Mr. Mellen, in the amounts which had thus been agreed upon.

That there was a partnership existing was in nowise brought to the attention of the court, as a reason why the direction in favor of the plaintiff should not be made. It is true that upon the motions to nonsuit and to direct the jury to find for the defendant, it was urged that Martin and Austin were partners, and that the latter had received the money as surviving partner, and was not liable to a suit at law by his copartner, until an accounting and a balance had been struck.

Even importing this reason from the former motions into the one now under consideration, there seems to have been no proof of a partnership in the case. There was no evidence of an express contract of partnership between the parties, nor of any joint ownership of partnership property, nor an agreement for the sharing of profits as such, nor proof of the acting of any one of the alleged partners for the others, or authority for so acting relative to partnership affairs. These are *indicia* and *criteria* of the existence of a partnership *inter sese. Hallenback* v. *Rogers,* 12 *Dick. Ch. Rep.* 199; *affirmed,* 13 *Id.* 580.

A partnership relation as between the alleged partners must be derived from and depend upon a contract. *Wild* v. *Davenport,* 19 *Vroom* 129.

The order of revival of the suit above mentioned was neither proof of that fact nor binding upon the defendant in error. Moreover, the terms of settlement fail to indicate an existing

partnership between Austin and Martin, and the pleadings in this case do not suggest the point, while the defined distribution purports a previous settlement of partnership affairs if that relation might have been assumed.

Finding no error, the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.

*For reversal*—None.